**STONE BONNER & ROCCO LLP**
ATTORNEYS AT LAW

1700 BROADWAY, 41ST FLOOR
NEW YORK, NEW YORK 10019-4613
(212) 239-4340
FAX (212) 239-4340
WWW.LAWSBR.COM

JAMES P. BONNER
DIRECT: 908-516-2066
jbonner@lawsbr.com

August 17, 2018

**VIA ECF**

Douglas C. Palmer
Clerk of Court
U.S. District Court, Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York  11201

    Re:  *Nathan Pam et al. v. Arab Bank, PLC*, No. **18-CV-4670 (PKC)(CLP)**

Dear Mr. Palmer:

    I represent Plaintiffs in the above-referenced action.  I respectfully submit this application, pursuant to Guidelines 50.3.1(a) and (d) of the Eastern District of New York Guidelines for the Division of Business Among District Judges, for a determination that this action: (a) is related to *Miller v. Arab Bank, PLC*, 18-cv-2192 (BMK)(PK) (E.D.N.Y.); and (b) should be reassigned to the Hon. Brian M. Cogan pursuant to Guideline 50.3.1(e).  The *Miller* case is currently pending before Judge Cogan.  This action was assigned to the Hon. Pamela K. Chen.

    Under Guideline 50.3.1(a), "[a] civil case is 'related' to another civil case for purposes of this guideline when, because of the similarity of facts and legal issues or because the cases arise from the same transactions or events, a substantial saving of judicial resources is likely to result from assigning both cases to the same judge and magistrate judge."  Like the Plaintiffs in this action, the plaintiffs in *Miller* allege that, in violation of 18 U.S.C. §§ 2339A and 2339B, defendant Arab Bank knowingly provided material support to, and aided and abetted, foreign terrorist organizations that committed attacks that injured Plaintiffs.  The attacks at



Douglas C. Palmer
August 23, 2018
Page 2

issue in this action were perpetrated by the same foreign terrorist organizations that committed the attacks that injured the plaintiffs in *Miller*. Moreover, some of the Plaintiffs in this action sustained their injuries as a result of one of the same terrorist attacks involved in *Miller*.

Both this action and *Miller* are extensions of *Litle et al. v. Arab Bank, PLC*, 04-CV-05449(BMK)(PK) (E.D.N.Y.). The Plaintiffs in this action are family members of plaintiffs in *Litle*, and their injuries arise out of terrorist attacks that were all the subject of the *Litle* litigation.

Judge Cogan presided over *Litle*, as one of ten consolidated actions,[1] from 2013 until that case was closed in April of this year. The extensive proceedings before Judge Cogan in *Litle* included a six-week jury trial.

As a result, reassigning *Pam* to Judge Cogan will produce "a substantial saving of judicial resources." Guideline 50.3.1(a). The *Litle* case commenced in 2004. Judge Cogan is intimately familiar with the complex factual record and procedural history of that protracted litigation. The liability-related discovery in *Pam* will be all but identical to the discovery previously conducted in *Litle* and to be taken in *Miller*, other than the limited plaintiff-specific disclosure Arab Bank will seek regarding the *Pam* Plaintiffs' injuries. Conducting *Pam* and *Miller* in tandem before a single Judge will therefore produce substantial efficiencies for the Court, the parties, and the witnesses who possess knowledge regarding the relevant facts.

The decisions whereby the Court determined that *Miller* should be transferred to Judge Cogan as related to the *Litle* case further support deeming *Pam*

---

[1] *Linde et al. v. Arab Bank, PLC*, No. 04-cv-2799(BMC)(PK*)*; *Litle et al. v. Arab Bank, PLC*, 04-cv-5449 (BMC)(PK); *Almog et al. v. Arab Bank, PLC*, 04-cv-5564(BMC)(PK); *Afriat-Kurtzer et al. v. Arab Bank, PLC*, 05-cv-388 (BMC)(PK); *Bennett et al. v. Arab Bank, PLC*, 05-cv-3183 (BMC)(PK); *Coulter et al. v. Arab Bank, PLC*, 05-cv-365 (BMC)(PK); *Roth et al. v. Arab Bank, PLC*, 05-cv-3738 (BMC)(PK); *Weiss et al. v. Arab Bank, PLC*, 06-cv-1623 (BMC)(PK); *Jesner et al. v. Arab Bank, PLC*, 06-cv-3869 (BMC)(PK); *Lev et al. v. Arab Bank, PLC*, 08-cv-3251 (BMC)(PK); and *Agurenko, et al. v. Arab Bank*, PLC, 10-cv-626 (BMC)(PK).



Douglas C. Palmer
August 23, 2018
Page 3


related to *Miller*.  On April 19, 2018, shortly after *Miller's* filing, the Court determined *independently* that *Miller* should be reassigned to Judge Cogan.  See *Miller v. Arab Bank, PLC*, 18-CV-02192(BMC)(PK), April 19, 2018 Order (E.D.N.Y.) ("[T]he reassignment was at the behest of the judges involved, not the Clerk and not the plaintiffs, based on perceived efficiency gains from the reassignment.").  When Arab Bank subsequently moved to negate that determination, the Court again held that efficiency considerations dictated that Judge Cogan should preside over *Miller*.  *Id.,* May 8, 2018 Order ("The Court has conferred and reviewed the motion with the interested judges of this Court, including the Chief Judge, and remains of the view that substantial efficiencies will be realized by the reassignment because many of the key legal issues in this case are the same as or similar to those the Court recently addressed.").  The Second Circuit then also rejected Arab Bank's effort to force the reassignment of *Miller* to a Judge other than Judge Cogan.  See *Linde et al. v. Arab Bank, PLC*, No. 16-2119(L), ECF No. 263 (2d Cir. June 28, 2018).

      Plaintiffs therefore respectfully request that the Court assign this action to Judge Cogan as related to the pending *Miller* case.  Plaintiffs served the Complaint and Summons in this action on Defendant Arab Bank on August 21, 2018.  Plaintiffs have met and conferred with counsel for Arab Bank, who have indicated that Defendant opposes this application.

                                      Respectfully submitted,

                                      /s/ James P. Bonner


CC:  All counsel (via ECF)