

DLA Piper LLP (US)
1251 Avenue of the Americas
27th Floor
New York, New York 10020-1104
www.dlapiper.com

Jonathan Siegfried
jonathan.siegfried@dlapiper.com
T  212.335.4925
F  212.884.8477


Via ECF

Douglas C. Palmer
Clerk of Court
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York  11201

Re: *Pam* v. *Arab Bank, PLC*,  18-CV-4670

Dear Mr. Palmer:

We represent defendant Arab Bank.  We write in response to plaintiffs' letter of August 23, 2018 requesting that this case be treated  related to *Mille*r v. *Arab Bank*, 18 -CV-2192, which itself previously was assigned to Judge Cogan as a related case to the *Linde* case.

Pure and simple, plaintiffs are judge shopping, hoping that Judge Cogan will repeat some of his rulings from the now reversed *Linde* case.  When the Second Circuit reversed the trial judgment in *Linde*, the parties had settled the case, but plaintiffs' counsel in *Miller* rushed in to have *Miller* considered a related case to *Linde*. This was despite the fact that *Linde* was effectively a closed case (pending only as a technicality because of infant compromise issues outstanding).

The current Pam plaintiffs are now piggybacking on *Mille*r to also get before Judge Cogan. *Miller*, however,  is not the only lawsuit pending in this District against Arab Bank.  The case of *Goldstein* v. *Arab Bank*, 16-CV-1681, is pending before Judge Glasser. The *Pam* case has as much in common with the *Goldstein* case as it does with the *Miller* case. Moreover, the docket number in *Goldstein* is significantly lower than the docket for *Miller*;  rule 50.3.1(e) requires that where cases are determined to be related, the clerk shall assign it to the judge with the lowest docket number of the related cases. We are not suggesting that this case be assigned to Judge Glasser as related to *Goldstein*; we believe the case should remain with Judge Chen, but certainly under the rules the case should not be assigned as related to *Miller* before Judge Cogan

Most importantly, *Pam* and *Miller* do not "arise from the same transactions or events," such that there would be "a substantial savings of judicial resources … likely to result from assigning both cases to the same judge and magistrate judge." While both *Pam* and *Miller* (and *Goldstein*) involve claims of emotional distress allegedly suffered by family members as a result of their

relatives' injuries from terrorist attacks in Israel, the fifteen specific attacks at issue in the two cases, with one exception, are distinct. *Pam* involves bombings on the following dates: June 11, 2003, July 30, 2002, March 7, 2002, March 31, 2002, September 22, 2004 and September 24, 2004. The nine bombings that form the basis of the *Miller* case occurred on December 1, 2001, February 16, 2002, January 27, 2002, April 30, 2003, May 7, 2002, March 21, 2002, November 4, 2001, June 11, 2003 and October 27, 2002. (Only the June 11, 2003 Jerusalem bus bombing is at issue in both cases, while the other thirteen attacks differ.) Discovery will relate to the different attacks and the plaintiffs' alleged emotional distress.

While there will be discovery from Arab Bank in both *Pam* and *Miller*, it will be minimal. We are willing to discuss with plaintiffs' counsel allowing discovery materials produced in the *Linde* case to be used in *Pam* as if taken in the *Pam* case. While plaintiffs likely will seek additional discovery from Arab Bank, that limited discovery pales in comparison to the discovery that needs to be taken from the plaintiffs' in the *Pam* case (and from the separate plaintiffs in the *Miller* case). Discovery largely will focus on the plaintiff's claims of emotional distress, and will require the plaintiffs to produce any medical or other evidence of their emotional distress. There are 34 plaintiffs in *Pam*, and a non-overlapping similar number of distinct plaintiffs in *Miller*, all of whom will have to prove their alleged emotional distress damages.  There is no overlap between discovery from the plaintiffs in *Pam* and *Miller,* and therefore no "substantial saving of judicial resources" from considering the cases as related. Rule 50.3.1 (b) specifically states that a "civil case shall not be deemed 'related' to another civil case merely because the civil case: (A) involves identical legal issues, or (B) involves the same parties." Obviously as already pointed out, *Pam* and *Miller* do not involve the same parties since all of the plaintiffs are different. While there may be overlap in legal issues, even if the legal issues were identical, that would not be a basis under Rule 50.3.1 to consider the cases as related.

Misuse of the related-case rule raises "concerns about judge-shopping, and risk undermining public confidence in the judicial system." *Right-Aid Corp.* v. *American Express Travel Related Servs. Co.,* No. CV 08-2315, 2008 WL 3155603, at *3 (E.D.N.Y. Aug. 4, 2008). The Court should "jealously guard the integrity of the" District's "random selection process." *Vaqueria Tres Monjitas, Inc.* v. *Rivera Cubano*, 341 F. Supp. 2d 69, 72-73 (D.P.R. 2004).

Accordingly, plaintiffs' judge-shopping attempt should not be countenanced.  We ask that the Court deny the *Pam* plaintiffs' request to consider *Pam* as related to the *Miller* case in before Judge Cogan. The *Pam* case should remain with Judge Chen, as it was randomly so assigned.

                                              Respectfully submitted,

                                              **DLA Piper LLP (US)**

                                              _____/s/_____

                                              Jonathan  Siegfried
                                              Partner