UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

NATHAN PAM, *et al.*,

        Plaintiffs,

v.

ARAB BANK, PLC,

        Defendant.

**ORDER**
18-CV-04670 (HG) (PK)

**HECTOR GONZALEZ**, United States District Judge:

    Plaintiffs have filed a letter requesting a pre-motion conference to discuss a "proposed motion to bifurcate the liability and damages phases . . . both for discovery and trial." ECF No. 80 at 1. Although Plaintiffs' proposed motion appears to relate primarily to the issue of bifurcating the trial, Plaintiffs' letter concludes by stating that "[g]uidance from the Court" related to its plan to manage the trial would "allow[] [the parties] to prioritize their discovery efforts and prepare for the trial the Court envisions." *Id.* at 3–4. Defendant opposes Plaintiffs' proposed motion on the grounds that: (i) bifurcating discovery would be inconsistent with Judge Kuo's instructions during the parties' initial conference, and (ii) bifurcating the trial would be an inefficient use of judicial resources. ECF No. 81 at 1–2. In particular, Defendant expects to file a motion for summary judgment arguing that "nearly every Plaintiff" was not damaged as a matter of law, which would likely require the parties to conduct discovery on damages before trial. *See id.* at 2. As further explained below, the Court denies without prejudice Plaintiffs' request to bifurcate the trial and defers to Judge Kuo about whether to bifurcate discovery.

    The Second Circuit has "recognized that the decision whether to bifurcate a trial is committed to the sound discretion of the district court." *Grant v. Lockett*, No. 19-469-cv, 2021 WL 5816245, at *1 (2d Cir. Dec. 8, 2021) (internal quotation marks omitted). "In determining

whether to bifurcate, courts in this district consider: (1) whether significant resources would be saved by bifurcating; (2) whether bifurcation will increase juror comprehension; and (3) whether bifurcation will lead to the repetition of evidence and witnesses." *McLeod v. Llano*, No. 17-cv-6062, 2021 WL 1669732, at *3 (E.D.N.Y. Apr. 28, 2021). "Bifurcation is the exception, not the rule, and the party seeking bifurcation shoulders the heavy burden of establishing that bifurcation is warranted." *E.E.O.C. v. United Health Programs of Am., Inc.*, No. 14-cv-3673, 2017 WL 10088567, at *14 (E.D.N.Y. Sept. 4, 2017).

The contours of Plaintiffs' bifurcation proposal seem opaque, although that is no doubt due in part to the page limitations of their pre-motion letter. Although Plaintiffs begin their letter by framing it as a discussion about "bifurcat[ing] the liability and damages phases" of a trial, their letter ends by raising the possibility of "bellwether trials involving small groups of plaintiffs." ECF No. 80 at 1, 4. Plaintiffs also claim that bifurcating the damages and liability phases of a trial would "eliminate the need for costly, time-consuming fact and expert discovery," rather than avoid devoting the time related to unnecessary presentation of evidence about damages. *Id.* at 4. Defendant asserts that Plaintiffs are working towards a proposal that "would result in eight different trials" because of the several different terrorist groups allegedly responsible for the attacks described in Plaintiffs' complaint. ECF No. 81 at 2 (emphasis omitted).

The Court cautions the parties that the Seventh Amendment does not allow for the same issues to be "tried by different, successive juries." *Blyden v. Mancusi*, 186 F.3d 252, 268 (2d Cir. 1999). To avoid this outcome, the "preferred practice is to use the same jury for all of the issues in an action, even though it may hear those issues at different times." *Hopkins v. Nat'l R.R. Passenger Corp.*, No. 08-cv-2965, 2016 WL 1588499, at *4 (E.D.N.Y. Apr. 19, 2016).

2

Plaintiffs' counsel has chosen to bring these two related cases on behalf of large groups of plaintiffs alleging injuries suffered from many different alleged terrorist attacks. Having made that choice, Plaintiffs' counsel must be prepared to prove these cases in a manner that will be efficient for the Court and jurors—and not unfairly prejudicial to Defendant—and not simply in the manner that is most efficient for Plaintiffs' counsel. Even if the Court ultimately decides to bifurcate this trial in some manner, the Court does not foresee allowing the parties substantial time between the different phases to conduct new discovery.

It is premature to decide whether to bifurcate the trial on Plaintiffs' claims because "developments in discovery" will no doubt help the Court to "consider the potential efficiencies and evidentiary difficulties presented by a joint trial." *Alli v. Steward-Bowden*, No. 11-cv-4952, 2013 WL 5229995, at *1 (S.D.N.Y. Sept. 17, 2013). The Court therefore denies Plaintiffs' request to file a formal motion to bifurcate the trial without prejudice to the parties raising bifurcation and other trial management issues after the Court decides any summary judgment motions. *See Tabor v. New York City*, No. 11-cv-195, 2012 WL 603561, at *11 (E.D.N.Y. Feb. 23, 2012) (report and recommendation), *adopted in full*, 2012 WL 869424 (E.D.N.Y. Mar. 14, 2012) ("reserv[ing] decision on the motion to bifurcate the trial" until after summary judgment). To the extent Plaintiffs seek to bifurcate discovery, the Court defers to Judge Kuo, and Plaintiffs should separately raise that issue with her in accordance with her individual practices. *See Alli*, 2013 WL 5229995, at *2–3.

SO ORDERED.

                                                 /s/ Hector Gonzalez
                                                 HECTOR GONZALEZ
                                                 United States District Judge

Dated:  Brooklyn, New York
           September 26, 2022